UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

JONATHAN DAVID WILKE,

        Plaintiff,

        v.                                                          Case No. 23-cv-736-bhl

BRENDEN DOLAN,
RICHARD TICCIONI, and
JOHN/JANE DOE SUPERVISOR,

        Defendants.

─────────────────────────────────────────────

## SCREENING ORDER

─────────────────────────────────────────────

Plaintiff Jonathan David Wilke, who is currently serving a state prison sentence at the Wisconsin Secure Program Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Wilke paid the $402 civil case filing fee on June 21, 2023. The Court will screen the complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short

and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Wilke asserts that, on August 5, 2017, he was charged and had an initial appearance in the case *State v. Wilke*, Case No. 2017CF3559. He states that, on August 9, 2017, Defendant Milwaukee Police Department Officers Brenden Dolan and Richard Ticcioni conducted a lineup with Wilke as the target and without Wilke's lawyer present. According to Wilke, before the lineup started, he informed Dolan that his family had retained a lawyer to represent him, and he gave Dolan the lawyer's contact information. Wilke asserts that Dolan was unable to contact the lawyer, so he consulted with his supervisor, Defendant John/Jane Doe. Dolan and Ticcioni then

proceeded with the lineup without Wilke's lawyer present. Wilke was identified by the witness. Dkt. No. 1 at 2-3.

### THE COURT'S ANALYSIS

The Sixth Amendment right to counsel attaches once a criminal defendant undergoes an initial appearance. *Rothgery v. Gillespie County*, 554 U.S. 191, 199 (2008). The right to counsel guarantees the presence of counsel at all "critical stages of the criminal proceedings," including at "postindictment lineups." *Missouri v. Frye*, 566 U.S. 134, 140 (2012). Accordingly, Wilke may proceed against Defendants on a Sixth Amendment claim based on allegations that they proceeded with a postindictment lineup without Wilke's lawyer being present. *See Jackson v. Devalkenaere*, No. 18-cv-446-JPS, 2018 WL 2208360, at *2 (E.D. Wis. May 14, 2018). Because Wilke does not know the name of the supervising officer, he will have to use discovery to learn the supervising officer's name. The parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and the filing of dispositive motions.

**IT IS THEREFORE ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Brenden Dolan and Richard Ticcioni pursuant to Federal Rule of Civil Procedure 4. Wilke is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

3

**IT IS FURTHER ORDERED** that Brenden Dolan and Richard Ticcioni shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Wilke is located.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Wilke is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Wilke may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on July 14, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge